ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| AUTO ACCESORIOS DE PUERTO RICO, INC.,<br><br>Recurrente,<br><br>v.<br><br>JUNTA DE PLANIFICACIÓN DE PUERTO RICO; OFICINA DE GERENCIA DE PERMISOS (OGPe); AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN,<br><br>Recurrida. | KLRA202300393 | REVISIÓN procedente del de la Junta de Planificación de Puerto Rico.<br><br>Caso núm.: 2023-18-JGT-0018.<br><br>Sobre: consulta para una transacción de segregación, agrupación y venta de 7 predios de terreno. |
| --- | --- | --- |

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 27 de septiembre de 2023.

El 9 de agosto de 2023, Auto Accesorios de Puerto Rico, Inc., instó el presente recurso. Solicitó la revisión de la *Resolución* emitida el 3 de mayo de 2023, notificada el 1 de junio de 2023, por la Junta de Planificación de Puerto Rico (Junta). En esta, la Junta autorizó la transacción para la segregación, agrupación y venta de siete (7) predios de terreno pertenecientes a la Autoridad de Carreteras y Transportación (ACT).

Evaluado el recurso presentado, confirmamos la determinación emitida por el foro administrativo.

I

La controversia ante nuestra consideración se suscita en el siguiente contexto. El 3 de mayo de 2023, la Junta emitió una *Resolución* referente a la consulta número 2023-18-JGT-0018[1]. La referida consulta fue presentada por la ACT, a tenor con las disposiciones del *Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al*

_____
[1] *Véase*, apéndice del recuso, a las págs. 1-7.

Número Identificador

SEN2023 _____

*Desarrollo, Uso de Terrenos y Operación de Negocios* (Reglamento Conjunto 2020). En lo pertinente, presentó ante la consideración de la Junta una consulta para la segregación, agrupación y venta de siete (7) predios de terrenos localizados en el Municipio de San Juan.

Analizados los documentos presentados por la ACT, la Junta autorizó la transacción consultada.  Asimismo, en su determinación, aclaró que la aprobación de la transacción tenía una vigencia de cuatro (4) años a partir de la notificación de la resolución. Además, **afirmó que la aprobación de cualquier proyecto en la propiedad debía tramitarse conforme a la reglamentación aplicable.** Informó que la determinación sería notificada a los colindantes y aclaró que el derecho preferente se establecería conforme a la *Ley de autorización al DTOP para disponer o arrendar terrenos o edificios que dejaren de ser utilidad pública,* Ley Núm. 12 de 10 de diciembre de 1975, 28 LPRA sec*.* 31, *et seq.*

En desacuerdo, el 20 de junio de 2023, Auto Accesorios de Puerto Rico, Inc., presentó una solicitud de reconsideración[2]. Alegó que, conforme al Reglamento Núm. 5526 de 20 de diciembre de 1996, intitulado *Venta, permuta y arrendamiento de los bienes inmuebles de la Autoridad de Carreteras y Transportación* (Reglamento 5526), poseía un derecho de adquisición preferente por ser colindante de la propiedad en controversia. Argumentó que interesaba adquirir la titularidad de algunos de los predios a agruparse, los cuales colindan con su terreno.

Transcurrido el término de quince (15) días para que la Junta atendiera la reconsideración, la agencia no emitió dictamen alguno. Así pues, el 5 de agosto de 2023, el recurrente compareció ante nos mediante la presentación de este recurso y formuló los siguientes señalamientos de error.

> Erró la Junta de Planificación de Puerto Rico al permitir que la Autoridad de Carreteras de Puerto Rico agrupara unos predios de terreno a sabiendas de que dicha agrupación violenta el derecho preferencial de adquisición que brinda el Reglamento Número 5526 del 20 de diciembre de 1996, Reglamento número 07-002, "Venta, Permuta y

---

[2] *Véase,* apéndice del recuso, a las págs. 11-13.

Arrendamiento de los Bienes Inmuebles de la Autoridad de Carreteras y Transportación".

Erró la Junta de Planificación de Puerto Rico al fundamentar su Resolución donde aprueba la agrupación utilizando el Reglamento Conjunto para la Evaluación y Expedición de Permisos relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios con vigencia del 2 de enero de 2021; es decir, el Reglamento Conjunto de 2020, el cual fue declarado nulo por este Tribunal de Apelaciones con relación al caso comité *Pro- seguridad Arraqq y Arespa y su presidenta Vanessa D. Ríos Grajales v. Junta de Planificación,* Caso Número: KLRA202100044; caso que tiene una Sentencia final, firme e inapelable y constituye ley del caso y posteriormente fue ratificado por el Tribunal Supremo con relación al caso *Martínez Fernández, Et Als v. Oficina de Gerencia de Permisos, Et Als*, Caso Núm.: 2023 TSPR 75.

El 5 de septiembre de 2023, la Universidad Ana G. Méndez presentó una *Moción solicitando intervención y autorización para someter alegato*[3]. Acompañó este escrito con su alegato en oposición. Sostuvo que el Reglamento 5526 no impide que se segregue o agrupe propiedades para la venta, sino más bien estipula la existencia de un derecho preferente en caso de que la ACT decida vender alguna propiedad.

Ese mismo día, compareció la ACT con su alegato en oposición. Planteó que la acción presentada por la recurrente era prematura, toda vez que no se ha llevado a cabo un procedimiento de venta de la propiedad en controversia[4].

La Junta de Planificación presentó su escrito en oposición al recurso el 5 de septiembre de 2023. En lo pertinente, sostuvo que su resolución no otorgó ni privó de derechos preferentes a los colindantes de los predios concernientes, ni tampoco garantizó la concretización de alguna compraventa.

Cabe señalar que, en cuanto al segundo señalamiento de error, las tres partes opositoras al recurso argumentaron que, en el caso del título,

---

[3] Declaramos **con lugar** su solicitud de intervención.

[4] El 21 de septiembre de 2023, la ACT presentó *una Solicitud para unirnos a la representación legal de la Autoridad de Carreteras y Transportación de Puerto Rico y se nos notifique cualquier escrito u orden*, la cual declaramos **con lugar**. Tome nota Secretaría y las partes comparecientes.

se aplicó el Reglamento Conjunto antes de que el Tribunal Supremo de Puerto Rico decretara su nulidad el 16 de junio de 2023.

Perfeccionado el recurso, resolvemos.

II

A

La Asamblea Legislativa aprobó la Ley Núm. 161 de 1 de diciembre de 2009, mejor conocida como la *Ley para la Reforma del Proceso de Permisos de Puerto Rico*, Ley Núm. 161-2009, 3 LPRA sec. 9011, *et seq.,* con miras a establecer el marco legal y administrativo integrado que regiría los procesos de solicitud, evaluación, concesión y denegatoria de permisos de uso, construcción y desarrollo de terrenos en Puerto Rico. *Exposición de Motivos*, Ley Núm. 161-2009; *Horizon v. Jta Revisora, RA Holdings*, 191 DPR 228, 236 (2014).

En ánimo de cumplir con esta política pública, la Junta de Planificación de Puerto Rico creó el Reglamento Núm. 9233 de 2 de diciembre de 2020, intitulado *Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios* (Reglamento Conjunto 2020). El propósito principal de este cuerpo reglamentario fue desarrollar un sistema unificado de normas claras, objetivas y uniformes para el manejo eficaz de los procesos, que se consolidó así en un solo reglamento.

No obstante, en una opinión *per curiam*, el Tribunal Supremo de Puerto Rico decretó la nulidad del aludido reglamento en el caso *Martínez Fernández y otros v. Oficina de Gerencia de Permisos y otros,* op. de 16 de junio de 2023, 2023 TSPR 75, 212 DPR__. De esa opinión, destacamos la siguiente expresión:

> **A tono con lo anterior, pautamos, sin ambages, que el Reglamento Conjunto de 2019 y el Reglamento Conjunto de 2020 son nulos. De esta forma, ambos reglamentos quedan invalidados. Asimismo, de manera análoga a nuestro proceder en <u>Asociación de Farmacias de la Comunidad v. Depto. de Salud</u>, 157 DPR 76 (2002), establecemos que esta determinación de nulidad tendrá efecto prospectivo a partir de la certificación de esta Opinión.** De este modo, todo permiso que haya sido autorizado y expedido al amparo de los referidos

reglamentos, previo a la emisión de este pronunciamiento, **deberá ser aceptado como legal por toda la ciudadanía.** Así, decretamos meridianamente que ningún permiso autorizado y expedido al amparo del Reglamento Conjunto de 2019 y el Reglamento Conjunto de 2020 es inválido por razón de que estas regulaciones hayan sido declaradas nulas.

*Martínez Fernández y otros v. Oficina de Gerencia de Permisos y otros,* 2023 TSPR 75, a la pág. 5. (Énfasis en el original).

Igualmente, de la precitada opinión se desprende que los permisos pendientes de adjudicación y aquellos en los cuales se halla celebrado una vista adjudicativa, podrán seguir su trámite a tenor con el reglamento conjunto aplicable. *Íd.*

En armonía con esto último, aquellos permisos cuya autorización y expedición son objeto de revisión en los tribunales serán evaluados "a la luz del reglamento que la agencia haya utilizado para autorizar y expedir el permiso impugnado, si como cuestión de derecho es el aplicable." *Íd.*, a la pág. 6.

B

La Ley Núm. 74 de 23 de junio de 1965, según enmendada, mejor conocida como la *Ley de la Autoridad de Carreteras y Transportación de Puerto Rico*, 9 LPRA sec. 2001, *et seq.*, creó la Autoridad de Carreteras y Transportación de Puerto Rico (ACT). La Asamblea Legislativa le delegó, entre otras facultades, la potestad de vender, permutar o de cualquier otro modo disponer de cualquier propiedad, mueble o inmueble, que a su juicio no sea necesaria para llevar a cabo los propósitos de esta entidad.

De igual manera, la Legislatura aprobó la *Ley de Autorización al DTOP para Disponer o Arrendar Terrenos o Edificios que Dejaren de ser de Utilidad Pública*, Ley Núm. 12 de 10 de diciembre de 1975, 28 LPRA sec. 38, *et seq.* Este estatuto le otorga la facultad al Secretario de Transportación y Obras Públicas (Secretario) a vender, permutar y gravar los terrenos propiedad del Estado Libre Asociado de Puerto Rico.

Con el fin de cumplir con estos lineamientos de las leyes antes mencionadas, la ACT aprobó el Reglamento Núm. 5526 de 20 de diciembre de 1996, intitulado *Venta, Permuta y Arrendamiento de los Bienes*

*Inmuebles de la Autoridad de Carreteras y Transportación*, Reglamento Núm. 07-002. El propósito de esta reglamentación es establecer las normas que regirán el proceso de solicitud, trámite y otorgamiento en la venta, permuta y arrendamiento de los bienes inmuebles de la ACT.

El Reglamento 5526 estatuye que, como parte de la evaluación y consulta de la solicitud de compra de un terreno, la Oficina de Administración de Propiedades de la ACT deberá realizar las consultas pertinentes para determinar si el terreno objeto de compra se encuentra afectado por algún proyecto de uso público. De no estarlo, la transacción se someterá a la aprobación de la Oficina de Gerencia de Permisos o a la Junta de Planificación, según sea el caso.

En tal situación, se deberá seguir el procedimiento de consulta de transacción recogido en el Reglamento Conjunto. Específicamente, la Sección 7.1.3.1 de este reglamento establece que toda transacción de terrenos públicos podrá ser promovido por su dueño, jefe de agencia o representante autorizado. La Junta de Planificación deberá evaluar y analizar toda consulta que consista en la transacción de un terreno público, tomando en consideración ciertos elementos establecidos en el Reglamento Conjunto 2020. Para ello, toda transacción deberá cumplir con una serie de requisitos contenidos en la Sección 7.1.3.2. La mencionada sección exige que se considere la prueba de titularidad del predio objeto de consulta, la naturaleza de la transacción, el contexto en la cual se propone, los reglamentos, planes de uso de terrenos y plan de ordenación aplicable, y cualquier otro aspecto que estime necesario.

Por otro lado, el Artículo VI del Reglamento 5526 establece el procedimiento de venta de las propiedades de la ACT a aquellas personas que ostenten un derecho de adquisición preferente. En síntesis, el Secretario deberá dictar una resolución, la cual deberá contener información relacionada con la propiedad, tal como la descripción del predio, el nombre de las personas a quienes se adquirió, entre otros datos.

Esta resolución deberá publicarse en un periódico de circulación general en Puerto Rico, una (1) vez por semana, durante dos (2) semanas. El Secretario no podrá enajenar la propiedad hasta que transcurran treinta (30) días, contados a partir de la última fecha de la publicación del edicto. Si en este término las personas que posean un derecho preferente no notifican por escrito su intención de adquirir la propiedad, perderán su derecho a adquirirla.

Cónsono con lo anterior, el Artículo VI (c) del Reglamento 5526 enumera aquellos solicitantes que serán acreedores al derecho de adquisición preferente establecido por esta reglamentación, los cuales se mencionan a continuación:

1. En primer lugar[,] tendrán derecho preferente, las personas naturales o sus herederos así como las personas jurídicas a quienes la Autoridad o el Estado Libre Asociado para beneficio de la Autoridad, les hubiera expropiado esos bienes o adquirido de otra forma.

2. En segundo lugar, las personas que hayan estado ocupando legalmente la propiedad por más de cinco años y tengan allí constituida su única residencia.

3. En tercer lugar, los dueños de los predios colindantes.

.        .        .        .        .        .        .        .        .

### III

Según expuesto, la recurrente arguye que la Junta erró al autorizar a la ACT la agrupación de unos predios de terrenos sobre los cuales ella ostenta un derecho de adquisición preferente. Además, la recurrente aduce que la Junta erró al fundamentar su resolución en el Reglamento Conjunto 2020, el cual fue declarado nulo por el Tribunal Supremo. No le asiste la razón.

En el presente caso, la ACT presentó una consulta de transacción ante la Junta. Como reseñáramos, este tipo de consulta es necesaria para que la agencia pueda enajenar alguna de sus propiedades. Sin embargo, el resultado de esta consulta no acarrea la concretización de la agrupación de los predios o la venta de estos. El efecto de la resolución recurrida es un endoso por parte de la Junta para que la ACT lleve a cabo estos

negocios jurídicos, los cuales deberán regirse por las reglamentaciones aplicables.

En tal sentido, el presunto derecho de adquisición preferente de Auto Accesorios de Puerto Rico, Inc., no ha sido vulnerado. Ello es así, pues este derecho se activa al comenzar el proceso de venta de un inmueble colindante, el cual debe seguir los lineamientos del Artículo VI (c) del Reglamento 5526.

Por otro lado, en cuanto al argumento relacionado a la aplicación del Reglamento Conjunto, es necesario ceñirnos a lo resuelto en *Martínez Fernández y otros v. Oficina de Gerencia de Permisos y otros,* 2023 TSPR 75. En dicho caso, el Tribunal Supremo fue claro y enfático en torno al efecto prospectivo de la norma allí establecida.

En primer lugar, el Tribunal Supremo dispuso que la declaración de nulidad sería de carácter prospectivo, a partir de la fecha de certificación de la sentencia; a saber, el 16 de junio de 2023. Ello implica que toda adjudicación realizada por virtud del Reglamento Conjunto 2020 antes de esa fecha mantiene su vigencia, incluso aquellas que se encontraban en proceso de revisión.

Más aun, el Tribunal Supremo nos obliga a resolver este tipo de controversia "a la luz del reglamento que la agencia haya utilizado para autorizar y expedir el permiso impugnado, si como cuestión de derecho es el aplicable". *Martínez Fernández y otros v. Oficina de Gerencia de Permisos y otros,* 2023 TSPR 75, a la pág. 6. Tal es el caso de la resolución recurrida, la cual fue dictada el 3 de mayo de 2023, siendo entonces de aplicación el Reglamento Conjunto 2020, pues esta era la norma aplicable a la fecha de la tramitación de la solicitud de endoso.

IV

A la luz de los hechos y el derecho antes expuestos, confirmamos la *Resolución* emitida por la Junta de Planificación de Puerto Rico el 3 de mayo de 2023, notificada el 1 de junio de 2023.

La jueza Lebrón Nieves concurre con el resultado sin opinión escrita.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones